■ SERGEY YEKIMOV et al., Appellants, v COHEN & KHANI, Defendant and Third-Party Plaintiff-Respondent. INTER-COUNTY ABSTRACT CORP. et al., Third-Party Defendants-Respondents.—Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), entered February 24, 1992 and September 3, 1992, respectively, which, *inter alia,* granted the motions of defendant and third-party defendants for summary judgment dismissing the complaint and which dismissed the complaint, respectively, unanimously affirmed, without costs.

In this action alleging legal malpractice, the trial court properly concluded that any damages sustained by plaintiffs when the vendee rejected title were not proximately caused by defendant law firm Cohen & Khani's failure to clear the alleged exception to marketable title. Since the lien on the property had been released and a satisfaction of judgment had been filed in Kings County, the docketed judgment in Nassau County did not constitute an encumbrance that rendered title unmarketable, especially since removal of that judgment required only clerical attention. Moreover, defendants submitted proof that title would have been insured despite existence of the docketed judgment. Thus, plaintiffs could have delivered marketable and insurable title *(see, Ilemar Corp. v Krochmal,* 58 AD2d 853, 855, *affd* 44 NY2d 702). Moreover, and quite apart from the foregoing, plaintiffs never fulfilled their obligation to expend reasonable money and effort to remedy the alleged defect in title *(see, Mokar Props. Corp. v Hall,* 6 AD2d 536, 539-540) after it became known that defendants had failed to clear the exception. Thus, the vendee's rejection of title was proximately caused by plaintiffs' inaction, not by any negligence on the part of Cohen & Khani. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.